# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Teresa Sivil, | Case No.: 2:20-cv-00244-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Defendant Tiffanie Cosper's Motion to Dismiss and Granting Leave to Amend** |
| Country Mutual Insurance Company and Tiffanie Cosper, | |
| Defendants | [ECF No. 16] |

An insurance policy, a home, and a series of phone calls—all in America's 49th state—form the basis of Plaintiff Teresa Sivil's Nevada lawsuit against her insurance company and broker.[1] Defendant Tiffanie Cosper moves to dismiss this action for lack of personal and subject-matter jurisdiction.[2] I grant Cosper's motion because Sivil fails to allege damages in excess of $75,000, and Cosper's infinitesimal contacts with Nevada are insufficient for this court to assert personal jurisdiction over her. So I dismiss Cosper from this case based on lack of personal jurisdiction, but I dismiss Sivil's claims against Defendant Country Mutual Insurance based on subject-matter jurisdiction. Sivil may amend her complaint against the insurer only if she can plead true facts to establish that her action satisfies the jurisdictional amount-in-controversy threshold.

---

[1] ECF No. 1 (complaint).

[2] ECF No. 16 (Cosper's motion to dismiss).

## Background[3]

In late 2014, Sivil obtained an insurance policy on her Alaskan home and personal property.[4] Three years later, Sivil called her insurance company, Country Mutual, and asked broker Cosper to cancel her personal-property coverage because she'd decided to hit the road for Las Vegas, Nevada.[5] Within a few months, however, a leak damaged the Alaskan property.[6] Sivil claims that she promptly told the company and that it sent her a letter telling her that it intended to investigate her claim.[7] But that same day, the company sent Sivil another letter denying the claim.[8]

Sivil sues Country Mutual and Cosper under Nevada law for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, negligence, unfair trade practices, fraudulent inducement, and interference with prospective economic advantage. She also seeks a declaratory judgment allocating the parties' rights and obligations.[9] Cosper now moves to dismiss this action, arguing that this court lacks personal jurisdiction over her and subject-matter jurisdiction over the dispute.[10]

---

[3] This is merely a summary of Sivil's allegations and not findings of fact.
[4] ECF No. 1 at ¶ 7.
[5] *Id.*
[6] *Id.* at ¶ 9.
[7] *Id.* at ¶ 10.
[8] *Id.*
[9] *Id.* at ¶ 67.
[10] Cosper moved to dismiss on the same grounds on her and the company's behalf once before. ECF No. 4. But because Cosper and Country Mutual are separately represented, Country Mutual's counsel moved to strike Cosper's motion. ECF No. 7. I granted that motion, but then later vacated the order and denied Cosper's motion to dismiss to allow her to refile it on her behalf alone. ECF No. 12.

**Discussion**

**I. Cosper's attenuated contacts with Sivil do not establish this court's personal jurisdiction over her.**

Cosper argues that she is not subject to personal jurisdiction in Nevada. Sivil responds that Cosper is subject to this court's jurisdiction because she knew that Sivil lived in Nevada when Sivil called her to change the policy coverage.[11] The parties do not dispute that this court lacks general personal jurisdiction over Alaska-based Cosper, so I need only determine whether this court has specific jurisdiction over Cosper. I find that it does not.

**A. Sivil fails to establish that Cosper had sufficient minimum contacts with Nevada.**

The Fourteenth Amendment limits a forum state's power "to bind a nonresident defendant to a judgment of its courts."[12] So Federal Rule 12(b)(2) authorizes a court to dismiss a complaint for lack of personal jurisdiction. To determine its jurisdictional reach, a federal court applies the law of the state in which it sits.[13] Because Nevada's long-arm statute reaches the constitutional ceiling,[14] the question is whether jurisdiction "comports with the limits imposed by federal due process."[15]

A court may only exercise jurisdiction over a nonresident defendant who has sufficient "minimum contacts with [the state] such that the maintenance of the suit does not offend

---

[11] ECF No. 18 at 12 (Sivil's response).

[12] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

[13] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).

[14] Nev. Rev. Stat. § 14.065.

[15] *Walden*, 571 U.S. at 283 (quoting *Daimler AG*, 571 U.S. at 125).

'traditional notions of fair play and substantial justice.'"[16] It is axiomatic that specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation."[17] This means that "the plaintiff cannot be the only link between the defendant and the forum"[18] and "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."[19]

Courts in the Ninth Circuit apply a three-prong test to resolve whether jurisdiction exists.[20] But an insufficient showing at any prong tumbles the entire personal-jurisdiction Jenga tower.[21] The plaintiff bears the burden of showing that the defendant "either purposefully direct[ed] [her] activities toward the forum or purposefully avail[ed] [herself] of the privileges of conducting activities in the forum," depending on whether her claims sound in tort or in contract, and that her claims "arise[] out of or relates to the defendant's forum-related activities."[22] If the plaintiff meets her burden, the burden shifts to the defendant to "present a compelling case" that

---

[16] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

[17] *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)) (internal quotation marks omitted).

[18] *Id.* at 285 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

[19] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

[20] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

[21] *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995); *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)) ("[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed.").

[22] *Axiom Foods, Inc. v. Acerchem Int'l., Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)) (internal quotation marks omitted).

jurisdiction would be unreasonable.[23] Cosper's failure to show either purposeful availment or direction at the first prong begins and ends my personal-jurisdiction analysis.

### 1. *Cosper neither purposefully directed activities to, nor purposefully availed herself of the benefits of, Nevada.*

Although often lumped into one category, purposeful availment and purposeful direction "are, in fact, two distinct concepts," and the Ninth Circuit has instructed courts to apply a different analysis to cases sounding in tort than those sounding in contract.[24] This court lacks jurisdiction over Cosper under either analysis because it was Sivil who unilaterally ushered Cosper into Nevada—not Cosper's purposeful acts. Because I find that Sivil has not met her burden at the first prong of the specific-jurisdiction analysis, I need not and do not consider the remaining prongs.[25]

#### *a. Purposeful availment*

Courts apply a purposeful-availment analysis to contract cases.[26] Under this analysis, the plaintiff must show that the defendant "performed some type of affirmative conduct [that] allows or promotes the transaction of business within the forum state."[27] Merely contracting with the nonresident defendant is insufficient to establish jurisdiction.[28] Instead, the focus is on whether the defendant's "business activities reach out beyond one state and create continuing

---

[23] *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 477).
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).
[28] *Boschetto*, 539 F.3d at 1017 (citing *Burger King*, 471 U.S. at 478).

relationships and obligations with citizens of another state."[29] In *Boschetto v. Hansing*, the Ninth Circuit held that a salesperson's "one-shot affair" selling a car to the forum resident was insufficient to establish personal jurisdiction in the state because the salesperson did not create any ongoing obligations with the plaintiff in the state.[30] The *Boschetto* court explained that the contract's performance did not force the defendants to do any other business in the forum, so exercising jurisdiction would be impermissible.[31]

All events that could tie Cosper to this forum start and end with Sivil. Assuming, without deciding, that Cosper can be sued for breaching the insurance contract, Sivil fails to establish that Cosper purposefully availed herself of the benefits of Nevada by contracting over an Alaskan property.[32] Sivil does not dispute that she entered the insurance contract in 2014 while she was living in Alaska.[33] So if her claim is based on Cosper breaching the original contract, Sivil has not established that Cosper availed herself of any benefit from Nevada because that contract does not permit or promote any business within Nevada.

If her claim is instead based on a breach of the modification to the policy, Sivil has not established that Cosper took any affirmative steps to transact business in Nevada. Even if Cosper called Sivil while Sivil was in Nevada to follow up with Sivil about the policy modification or claims, it was Sivil who initiated the contact and unilaterally brought Cosper's

---

[29] *Travelers Health Ass'n v. Virginia, ex rel. State Corp. Comm'n*, 339 U.S. 643, 647 (1950).

[30] *Boschetto*, 539 F.3d at 1017.

[31] *Id.*

[32] It is unlikely that Sivil could succeed against Cosper for breach of contract because she has not alleged that Cosper was a party to the contract. *Clark Cnty. v. Bonanza No. 1*, 615 P.2d 939, 943 (Nev. 1980) ("As a general rule, none is liable upon a contract except those who are parties to it."). Instead Sivil maintains that she only sued Cosper for Cosper's tortious conduct and as an agent of Country Mutual. ECF No. 18 at 4.

[33] ECF No. 1 at ¶ 7.

phone call into Nevada.[34]  And like the *Boschetto* defendants, whose contractual performance was not required in the forum, Cosper and Country Mutual's obligations required performance in Alaska.[35]  For example, Sivil alleges that the Cosper's "bad faith failure to reasonably and promptly investigate and process" her claim could only obligate Cosper to investigate the damage in Alaska.  Thus, Sivil has failed to demonstrate purposeful availment.

### b. *Purposeful direction*

For tort-based cases, courts apply the purposeful-direction test, which requires the defendant to "commit[] an intentional act" that is "expressly aimed at the forum state" and causes "harm that the defendant knows is likely to be suffered in the forum state."[36]  The Ninth Circuit has instructed courts to "look to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there."[37]  And although "a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction . . . ."[38]  The Ninth Circuit dealt with an analogous issue to this case in *Hunt v. Erie Insurance Group*, in which an insurance company refused to pay medical benefits in one state, leaving the plaintiff no choice but to move to a state that the company would cover.[39]  The *Hunt* court held that although the insurance company communicated with the plaintiff while she was in the new state and sent mail there, it was the

---

[34] *Id.* at ¶ 8 ("*Sivil* contacted Country and spoke with Tiffanie Cosper.  Ms. Sivil informed Country that she had listed her Alaska home and . . . requested that the personal property coverage be removed only.") (emphasis added).

[35] *See id.* at ¶¶ 16, 17, 23.

[36] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).

[37] *Picot v. Weston*, 780 F.3d 1206, 1214–15 (9th Cir. 2015).

[38] *Axiom Foods*, 874 F.3d at 1070 (citing *Picot*, 780 F.3d at 1214–15).

[39] *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1248 (9th Cir. 1984).

7

plaintiff's "move to California [that] forced [the defendant] to send mail to that [s]tate concerning her claim."[40]

It is unclear from Sivil's complaint when Cosper made the allegedly tortious statements to Sivil. Although she alleges that she spoke with Cosper to modify the policy and infers that Cosper processed her claim, the basis for Sivil's claims appears to be representations that Cosper made in 2014 when Sivil first purchased the policy. So Sivil's claim is either that (1) Cosper made false statements to her in 2014 and failed to recommend an appropriate policy for her, which led to the wrongful denial of benefits years later; or (2) when Sivil reached out to amend her policy, Cosper led her astray and the policy modification allowed Country Mutual to wrongfully deny Sivil's claim. Although Sivil's complaint and her briefing on this issue indicate that her complaint is based on the first scenario,[41] neither establishes that Cosper purposefully directed any activities to Nevada.

If Sivil's claim is based on Cosper's 2014 promises, then Cosper has no tie to Nevada because, at that point, all parties were physically in Alaska.[42] Sivil, although living in Nevada when the property was damaged, did not injuriously rely on any of Cosper's statements while

---

[40] *Id.*

[41] *See, e.g.*, ECF No. 1 at ¶¶ 17 ("Defendants breached their duties and agreements with Plaintiff by failing, for example, to properly explain the coverages, the limitations of coverages, and/or evaluate Sivil's insurance needs, procure the necessary coverages requested and to protect Sivil as requested."), 31 ("[T]he [d]efendants made certain representations to the [p]laintiff at the time of the negotiations for insurance during the purchase, and/or thereafter. Defendant Cosper represented that the insurance policy it [sic] was procuring for Sivil would provide full liability [sic] and property protection in the event of a loss to the Insured Location."), 57 (alleging that the defendants "knew that [their] explanations regarding the [p]olicy and/or coverages would *later* allow [them] to wrongfully deny claims under the [p]olicy") (emphasis added).

[42] ECF Nos. 1 at ¶ 7, 18 at 12 ("*While [Sivil] resided in Alaska*, [Sivil] received a recommendation to procure the [p]olicy through Defendant Country, specifically Country's agent, Defendant Cosper") (emphasis added).

Sivil lived in Nevada, even if she now calls it home.  Instead, Sivil claims that the "[d]efendants made certain representations to [her] at the time of the negotiations for insurance during the purchase, and/or thereafter."[43]  She also contends that the "[d]efendants knew that [their] explanations regarding the [p]olicy and/or coverages would later allow [them] to wrongfully deny claims under the [p]olicy" and that Sivil "justifiably relied on [the defendants'] misrepresentations and believed she had proper coverage[]."[44]  None of these statements shows that Cosper directed any activity to Nevada, even if Sivil later moved here.  Thus, just as it was the plaintiff's move to another state that brought the defendant into the forum in *Hunt*, the only reason Cosper's words touched Nevada's cell towers was Sivil.[45]

Even if I read Sivil's claim to allege that, when she sought to modify her policy, Cosper left out key details and was involved in the wrongful denial of her claim, that still impermissibly shifts the focus away from Cosper's actions in the forum to her contact with Sivil.[46]  Cosper and Sivil's phone calls are the extent of Cosper's connection to Nevada.[47]  But fleeting conversations about an Alaskan contract and an Alaskan property with someone who now happens to be in another state do not form the systematic contacts necessary to establish jurisdiction.  Because Sivil, from Nevada, first reached out to Cosper to modify her policy and discuss her claims, even if Cosper intentionally acted when she returned Sivil's calls and knew that Sivil was in Nevada,

---

[43] ECF No. 1 at ¶ 31.

[44] *Id.* at ¶¶ 58–59.

[45] This deficiency in Sivil's claim also shows that she cannot establish the causation prong of the specific-jurisdiction analysis because Cosper's only contact with Nevada happened after Sivil claims Cosper made the fraudulent representations.  *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) ("We rely on a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction.").

[46] *Picot*, 780 F.3d at 1214–15.

[47] *See* ECF No. 16-1 at ¶¶ 5–6 (Cosper declaration).

9

Sivil fails to establish that Cosper knew Sivil was "likely to suffer harm" in Nevada by denying her claim for damage to Sivil's Alaskan property.[48]

### B. Sivil's agency theory for personal jurisdiction is misplaced.

Sivil also claims that Cosper might be an agent of Country Mutual and thus subject to this court's jurisdiction under *Davis v. Metro Productions, Inc.*, which she argues extends personal jurisdiction to agents of corporations that themselves do not dispute jurisdiction.[49] But that is not what *Davis* holds. The *Davis* court made clear that an officer of a corporation may be subject to personal jurisdiction "*as long as* the court finds" that she has "sufficient minimum contacts with [the state]."[50] The court explained that "the correct jurisdictional inquiry" is "the contacts that [the defendants] each had with [the state] relative to th[e] dispute."[51] Because I find that Cosper lacks sufficient minimum contacts with Nevada, I cannot extend a potential jurisdictional reach over Country Mutual to her and I deny Sivil's invitation to do so.

## II. Sivil fails to demand an adequate amount in controversy to establish jurisdiction.

Having dismissed Sivil's claims against Cosper for lack of personal jurisdiction, I now turn to whether Sivil's complaint establishes this court's jurisdiction over the case. A party may not waive subject-matter jurisdiction and a court may raise the issue sua sponte.[52] Federal courts maintain jurisdiction over a limited set of cases, including those predicated on "diversity jurisdiction," which requires complete diversity between the parties and an amount in

---

[48] *See Mavrix Photo*, 647 F.3d at 1228.

[49] ECF No. 18 at 8.

[50] *Davis*, 885 F.2d at 522 (emphasis added).

[51] *Id.*

[52] *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)).

10

controversy exceeding $75,000.[53]  "Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'"[54]  And the court must accept the sum alleged by the plaintiff that is made in good faith.[55]  A court may dismiss an action for failure to meet the amount-in-controversy requirement when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount."[56]

     Sivil's complaint fails to establish the basis for this court's jurisdiction.  First, Sivil's complaint alleges only her domicile.[57]  But this falls short of Rule 8's requirement that a complaint include a "short and plain statement" of the court's jurisdiction.  Under 28 U.S.C. § 1332, a corporation's citizenship is each state in which it is incorporated and where it maintains its principal place of business.  Sivil's complaint alleges only that Country Mutual is "a foreign corporation transacting business in Clark County, Nevada" and fails to establish that Country Mutual's principal place of business is outside of Nevada to establish complete diversity.[58]

     Second, Sivil's complaint fails to satisfy the amount-in-controversy requirement because she merely seeks damages "in excess of . . . $15,000[]."[59]  Sivil argues that, because each of her claims for relief includes the same request for damages and one claim in excess of $10,000, that,

---

[53] 28 U.S.C. § 1332.

[54] *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

[55] *Crum*, 231 F.3d 1129, 1131 (9th Cir. 2000).

[56] *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[57] ECF No. 1 at ¶ 1.

[58] Sivil also fails to make any mention of Cosper's domicile.  *See* ECF No. 1 at ¶ 2.  But because I dismiss Cosper from this case, this pleading deficiency is now irrelevant.

[59] ECF No. 16 at 8.

in total her claims are worth $100,000.[60] Generally, a plaintiff may aggregate all her claims against a single defendant to reach the jurisdictional threshold.[61] Sivil's prayer for relief only seeks damages above $15,000, making it unlikely that she alleges damages worth over $75,000. But even assuming Sivil has alleged separate claims in excess of $15,000, she fails to allege at least $75,000.01 because three of her claims are merely alternate ways for her to recover the insurance policy's limit[62]—an amount she claims vaguely is only "in excess of . . . $15,000."[63] Thus, even assuming her remaining claims are worth a total of $55,000, the remaining $15,000 she alleges as the policy-limit damages only get her to $70,000.[64]

So I dismiss the remainder of this action for lack of subject-matter jurisdiction. But because no party has averred what the policy limit is, dedicating a mere five sentences total to this argument,[65] it is not clear to a legal certainty—at this juncture—that Sivil cannot recover over $75,000, and I dismiss without prejudice and with leave to amend. If Sivil wishes to amend her complaint, she must truthfully allege facts showing damages totaling at least $75,000.01.

---

[60] *Id.*

[61] *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 966–67 (9th Cir. 2020) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). Because Country Mutual is the only remaining defendant, I consider only whether aggregation of her claims against Country Mutual is proper.

[62] ECF No. 1 at ¶¶ 18 (alleging the claim exists "to recover amounts due under the insurance policy"), 23 (same), 50 (same).

[63] *Id.* at ¶¶ 19, 24, 51.

[64] Breach of contract/breach of good faith and fair dealing/unfair trade practices ($15,000.01) + negligent misrepresentation ($15,000.01) + negligence ($15,000.01) + fraud in the inducement ($15,000.01) + interference with prospective economic advantage ($10,000.01) = $70,000.05. Although Sivil also seeks attorneys' fees and punitive damages, she does not include even a rough estimate of what those damages would be, so I do not consider them.

[65] *See* ECF No. 18 at 16 (arguing that Sivil isn't "required to plead with exactness the amount to which [she] seeks in the [c]omplaint" but instead that her six causes of action that are each worth $15,000, and one that is worth $10,000 "at a minimum" show "damages in excess of" $100,000); ECF No. 23 (responding only that "[t]his is entirely nonsensical" and that the "[c]omplaint, on its face, fails to assert damages in excess of $75,000.00").

Although Sivil does not at this point need to know the exact amount of her damages, she must plead at least the statutory requirement. She must also include a short and plain statement establishing this court's jurisdiction and allege the basis for the parties' diversity.

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Tiffanie Cosper's motion to dismiss **[ECF No. 16]** is **GRANTED, and the claims against Cosper are dismissed for lack of personal jurisdiction**. The Clerk of Court is directed to **TERMINATE Cosper as a defendant** in this action.

IT IS FURTHER ORDERED that Sivil's claims against Country Mutual Insurance are dismissed without prejudice for apparent lack of subject-matter jurisdiction and with leave to amend. Sivil has until December 14, 2020, to amend her complaint consistent with his order. If she fails to do so, the court will construe the failure to amend as an inability to plead facts to establish subject-matter jurisdiction, and this case will be closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
November 30, 2020